Dear Mr. Thompson:
On behalf of the City Council of the City of Baker, Louisiana, you requested the opinion of this office on the propriety of billing and enforcing costs and expenses incurred in the removal of noxious weeds or grass in accordance with LSA-R.S. 33:5062 and 5063.
Your first question is whether these weed fees can be added to the ad valorem tax bills? LSA-R.S. 33:5062(A) provides that the governing authority of any municipality having a population less than four hundred thousand inhabitants may enact ordinances requiring the removal of noxious weeds or grass or other deleterious, unhealthful, or noxious growths on any sidewalk or banquettes and on any lot, place, or area within the municipality. 5062(A) further provides that the charges, costs, and expenses incurred by the municipal governing authority in enforcing such ordinances shall to the extent of the actual cost thereof to the municipal governing authority, be a charge, cost or expense of the property, abutting sidewalk or banquettes or of the lot, place or area, and the owner thereof.
LSA-R.S. 33:5063 states that if the cost or expense of the removal of such weeds, grass or growths has not been paid within 10 days after removal of the weeds, the tax collector of the municipality shall furnish the owner, as shown on the last assessment roll of the municipality, by registered mail a written statement showing the cost or expense incurred for the work, and the place of the property on which the work was done. If said statement is not paid within one month thereafter, the amount thereof "shall be included in and form part of the taxes due by the owner of said property, and when collected shall be credited to the general fund of said municipality."
If the City of Baker enacts an ordinance pursuant to LSA-R.S. 33:5062, the unpaid weed fees would be included in the amount of taxes owed by the owner of the property and thus could be added to the ad valorem tax bills.
Second, you asked if the sheriff may collect these fees as an adjunct to the ad valorem taxes? You advised that the Sheriff of East Baton Rouge acts as the tax collector for the City of Baker pursuant to an intergovernmental agreement.
If the terms of the agreement provide, or are amended to provide, that the tax collector shall collect the fees, it is the opinion of this office that the tax collector may collect the weed fees as an adjunct to the ad valorem taxes. Your attention is brought to the provisions of LSA-R.S. 33:1321, et seq. concerning intergovernmental agreements.
LSA-R.S. 33:1324.1 provides "in order to effect economy of operation, any two or more political corporations or subdivisions may contract with each other to combine the use of administrative and operative personnel and equipment upon such basis of compensation therefor as may be mutually agreed to by all such political corporations and subdivisions." LSA-R.S.33:1324 requires that at least one of the participants to the agreement be authorized under a provision of general or special law to perform the activity contemplated by the agreement. Such agreement must be in writing and accepted by ordinance or resolution. See LSA-R.S. 33:1325. See also Op. Atty. Gen. 93-208 regarding the ability of the Sheriff to contract with the municipality for the collection of municipal taxes.
LSA-R.S. 33:424 provides that the tax collector shall collect, account for, and pay over all taxes levied by the municipality, and perform all other duties required of him by ordinance, or such as may be required by law of collectors of parish and state taxes. Therefore, in the event that the Sheriff and the City of Baker perfect, or amend, their intergovernmental agreement to provide for the collection of weed fees, it is suggested that the acceptance by the City be by ordinance setting forth the terms of the agreement in accordance with LSA-R.S. 33:1325.
You also ask the effect of a person wanting to pay only ad valorem taxes and not the weed cutting costs and expenses. With respect to this question, there is nothing in the laws or the constitution of Louisiana to prohibit the collector from accepting payment of one without the other. The ability to enforce collection of the weed fees in the same manner as ad valorem taxes raises constitutional issues as, unlike ad valorem taxes which are voted on by the public at large, the weed fees are enacted by ordinance. The provisions of Art. VII, Sec. 25 of the Louisiana Constitution authorizing the sale of property for delinquent ad valorem taxes would not apply to delinquent weed fees.
Trusting this adequately responds to your request, I remain,
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: ELIZABETH K. HARRIS Assistant Attorney General
RPI:EKH:jv/0009u